# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## EDDIE C. PRATCHER, JR., SURVIVING SPOUSE OF SANDRA Y. JONES PRATCHER V. METHODIST HEALTHCARE-MEMPHIS HOSPITALS, ET AL.

### Direct Appeal from the Circuit Court for Shelby County
### No. CT-0070110-0     Donna M. Fields, Judge

### No. W2011-00063-COA-R3-CV - Filed August 19, 2011

Appellant appealed the trial court's order granting Appellee's "Motion of Methodist Healthcare-Memphis Hospitals to Strike, or in the Alternative, Motion in Limine, or In the Alternative, for Partial Judgment and Memorandum." We dismiss this appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, J., ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J.

Randall Loftin Kinnard and Daniel Louis Clayton, Nashville, Tennessee and Steven Rand Walker, Memphis, Tennessee, for the appellant, Eddie C. Pratcher, Jr.

Lee James Chase, III, Memphis, Tennessee, for the appellee, Methodist Healthcare - Memphis Hospitals.

### MEMORANDUM OPINION[1]

This is a medical malpractice action arising from the care and treatment of the deceased, Sandra Y. Jones Pratcher, on December 4, 1999. The first trial of this matter was conducted in September 2006 and upon its conclusion, the jury returned a defense verdict as

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

to all named defendants. Also, the trial court granted the motion for directed verdict filed by Appellee Methodist Healthcare-Memphis Hospitals ("Methodist"), as to the direct claims against Methodist, but denied the motion regarding any apparent agency claims. On September 28, 2006, the Order of Jury Verdict was entered and Appellant filed a Motion for New Trial on October 23, 2006. On November 20, 2007, the trial court entered an order which: (1) granted the plaintiff's motion for new trial as to all defendants; (2) sustained its directed verdict as to Methodist and dismissed plaintiff's claim as to the hospital's direct negligence; (3) sustained its prior preclusion of jury consideration of plaintiff's claims as to whether Dr. Oraedu was at fault as an agent of the hospital and dismissed plaintiff's claims as to Dr. Oraedu; and (4) assigned the matter to a different judge for the new trial.

Afterwards, Appellee Methodist Healthcare-Memphis Hospitals filed its "Motion of Methodist Healthcare-Memphis Hospitals to Strike, or in the Alternative, Motion in Limine, or In the Alternative, for Partial Judgment and Memorandum" on September 17, 2010. In that motion, Methodist indicated that the remaining claims against Methodist included: "Plaintiff's claims involving actual or apparent agency issues related to Dr. Philip Andrew Rojas and his employer, Medical Anesthesia Group, a professional corporation, and as to Consultants in Anesthesia, Inc., for its employee, Irene C. Wadlington, CRNA, and for nonparty, Dr. Dinesh N. Chauhan, as president of Consultants in Anesthesia, Inc."

The trial court granted Methodist's motion by order entered on November 19, 2010, and ordered, among other things, that plaintiff would have no claim nor offer any proof on any claim as to the hospital's direct negligence nor would the plaintiff make any claim or offer any proof as to the alleged agency of the hospital as to Dr. Oraedu. The trial court's order of November 19, 2010, was certified as a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Appellant then filed his Notice of Appeal of that order on December 13, 2010.

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. Upon that review, the Court entered an Order on June 17, 2011, which stated that, although the order appealed was entered as a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, the Court was nevertheless of the opinion that the order was improvidently certified as a final judgment, because the order did not adjudicate all claims against Methodist. Thus, in our Order of June 17, 2011, the Court directed Appellant to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order or else show cause within fifteen (15) days why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Appellant filed a response to our Order on June 22, 2011, in which Appellant conceded that the order appealed in this matter is not final and that this appeal should be dismissed.

2

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). It appears to the Court that the order appealed was improvidently certified as a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, because there are remaining claims against Methodist. Thus, this appeal must be dismissed.

## Conclusion

For the foregoing reasons, we dismiss this appeal for failure to appeal a final judgment. Costs of this appeal are taxed to the appellant, Eddie C. Pratcher, Jr., and his surety  for which execution may issue if necessary.

**PER CURIAM**